-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────────

THOMAS ADAM HENDERSON,

        Plaintiff,

        v.

ANTHONY ANNUCCI, NYS DOCCS Commissioner,
et al.,

        Defendants.

**DECISION AND ORDER**

14-CV-0445A

───────────────────────────────

On November 17, 2014, the Court (Hon. Richard J. Arcara) granted Plaintiff permission to proceed *in forma pauperis,* dismissed in part with and in part without prejudice[1] a number of claims alleged in the complaint pursuant to 28 U.S.C. § § 1915(e)(2)(B)(ii) and 1915A, and directed that summonses and the remaining claims alleged in the complaint be served upon the remaining Defendants. (Dkt. 7). The Court also directed that, pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 2007), the New York State Attorney General's Office attempt to ascertain the name of Defendant "C.O. John Doe Number 1" named in the complaint. (Dkt. 7 at 7-8).

On December 5, 2014, Plaintiff filed a notice of appeal from that part of the Decision and Order which dismissed a number of the claims pled in the complaint. (Dkt. 8). Plaintiff also filed a motion to proceed *in forma pauperis* on appeal. (Dkt. 9). The Attorney General's Office submitted a letter to the Court responding to the Decision and Order and

---

[1] As to the claims dismissed without prejudice and with leave to amend, the Court advised Plaintiff that if he wished to pursue said claims he must file an amended complaint. (Dkt. 7 at 17, n.3).

stating that the John Doe Defendant "may be" C.O. J. Hoinski, who is employed at the Attica Correctional Facility.

### *In Forma Pauperis* on Appeal

"The decision of whether to grant a request to proceed *in forma pauperis* is left to the District Court's discretion under 28 U.S.C. § 1915. The Court's discretion is limited in that: 'An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.'" *Fridman v. City of New York*, 195 F.Supp.2d 534, 536 (S.D.N.Y.2002) (quoting 28 U.S.C. § 1915(a)(3)); *see also* Fed. R. App. P. 24(a)(3)(A) ("A party who was permitted to proceed in forma pauperis in the district court action . . . may proceed on appeal in forma pauperis without further authorization, unless . . . the district court - before or after the notice of appeal is filed - certifies that the appeal is not taken in good faith. . . .").

The good faith criterion of § 1915(a)(3) requires an inquiry into the merits of the appeal rather than the subjective good faith of the plaintiff. *Clay v. New York Nat'l Bank*, No. 99 CIV. 9857(HB), 2001 WL 277299, at *1 (S.D.N.Y. Mar. 21, 2001). Here, the Court finds that an appeal from the Decision and Order filed November 17, 2014, would be frivolous and not taken in good faith because the notice of appeal is from a non-final order and is otherwise not appealable. *See* 28 U.S.C. §§ 1291-92. Accordingly, Plaintiff's motion to proceed *in forma pauperis* on appeal is denied.

### Amend Caption of Complaint and Service

Based on the Attorney General's Office response to the Court's Decision and Order that the John Doe Defendant named in the complaint may be C.O. J. Hoinksi, the Court

directs the Clerk of the Court to amend the caption of this action to include C.O. J. Hoinski, Attica Correctional Facility, as a Defendant in the place of "C.O. John Doe Number 1, Attica Correctional Facility."

The Clerk of the Court is also directed to cause the summons and complaint, along with this Order, to be served upon Defendant C.O. J. Hoinski at the Attica Correctional Facility, without Plaintiff's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in Plaintiff's favor.

The Clerk of the Court is also directed to forward a copy of this Order by email to Michael Russo, Assistant Attorney General in Charge, Buffalo Regional Office <Michael.Russo@ag.ny.gov>.

Pursuant to 42 U.S.C. § 1997e(g)(2), Defendant is directed to answer the complaint.[2]

SO ORDERED.

ELIZABETH A. WOLFORD
United States District Judge

Dated:     December 29, 2014
           Rochester, New York

---

[2] Pursuant to a Standing Order of Court, filed September 28, 2012, a defendant will have 60 days to file and serve an answer or other responsive pleading, see Fed.R.Civ.P. 12(a)-(b), if the defendant and/or the defendant's agent has returned an Acknowledgment of Receipt of Service by Mail Form within 30 days of receipt of the summons and complaint by mail pursuant to N.Y.C.P.L.R. § 312-a.